# FOR PUBLICATION

ATTORNEYS FOR APPELLANTS:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR AMICUS CURIAE:

**CHRISTOPHER A. CAGE**
Anderson, Indiana



FILED
Apr 09 2014, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE ORDER FOR THE PAYMENT OF ATTORNEY FEES AND REIMBURSEMENT OF EXPENSES, | ) ) ) ) | |
| STATE OF INDIANA, | ) ) | |
| Appellant, | ) ) | |
| vs. | ) ) | No. 48A02-1307-MI-615 |
| JEFFREY COOK, | ) ) | |
| Appellee. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48C06-1112-MR-2403

**April 9, 2014**

**OPINION - FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Indiana Code section 33-37-2-4 governs the State's liability for costs of offenses committed by inmates in state correctional facilities. Pursuant to this section, the trial court appointed both a public defender and appellate counsel for Jeffrey Cook, who stabbed to death another inmate at Pendleton Correctional Facility in Madison County, Indiana. Although the State did not contest paying Cook's public defender $23,488.29 in attorney fees and expenses, it contested paying Cook's appellate counsel $5232.35 in attorney fees and expenses. The State believed that Section 33-37-2-4 required the State to pay only trial costs, not appellate costs. Instead, the State believed that Madison County should pay the costs of Cook's appeal. We, however, find that Section 33-37-2-4, which recognizes the financial burden placed on counties containing state correctional facilities, shifts that burden to the State for both trial and appellate costs. Thus, the trial court properly ordered the State to pay Cook's appellate counsel $5232.35 in attorney fees and expenses.

**Facts and Procedural History**

In July 2011 Cook was an inmate at Pendleton Correctional Facility in Madison County, Indiana. He and another inmate—members of the same gang—stabbed to death inmate Danny Dewitt, a member of a rival gang. The State charged Cook with murder, Class B felony prisoner in possession of a dangerous device or material, and Class D felony criminal gang activity in Madison County. The trial court appointed a public defender for Cook because he was indigent. A jury trial was held, and Cook was found guilty of the three charges. The trial court sentenced him to seventy years for these crimes.

2

Following sentencing, defense counsel filed a verified billing statement requesting $23,488.29 in attorney fees and expenses for representing Cook at trial. The trial court ordered the Indiana Department of Correction (DOC) to pay defense counsel $23,488.29. Appellant's App. p. 19.

The trial court also appointed appellate counsel to represent Cook on appeal. On May 8, 2013, which was before appellate counsel filed Cook's appellant's brief, appellate counsel filed a petition for partial payment of attorney fees and reimbursement of expenses. He asked the Auditor of the State of Indiana to pay him $5232.35 for reasonable attorney fees and expenses. *Id.* at 20-21, 23. The trial court approved appellate counsel's petition and ordered the State Auditor to pay him $5232.35 "as a reasonable payment of attorney fees and expenses in this matter." *Id.* at 24.

In late June 2013 appellate counsel filed Cook's appellant's brief raising one issue—a jury-instruction issue—and in October we affirmed Cook's convictions. *Cook v. State*, No. 48A05-1211-CR-608 (Ind. Ct. App. Oct. 9, 2013), *trans. denied*.

In the meantime, on June 7, 2013, the State, by and through the DOC and the State Auditor, filed a motion to intervene and to correct error. The State argued that because the payment of $5232.35 to appellate counsel would come from the DOC's budgeted funds, it had a right to intervene. The State also argued that Indiana Code section 33-37-2-4, which governs the State's liability for costs of offenses committed by inmates in state correctional facilities, required the State to pay only trial costs, not appellate costs. Section 33-37-2-4 provides:

> (a) The state shall pay all costs of trial in a prosecution for an offense committed:

    (1) by an inmate of a state correctional facility; and
    (2) in the county in which the correctional facility is located.
  (b) The costs of trial to be paid under this section include:
    (1) court fees; and
    (2) expenses incurred by the county sheriff in returning the defendant
    to the jurisdiction of the court and keeping the defendant in custody
    until trial.

The trial court granted the State's motion to intervene but denied its motion to correct error.

The court reasoned:

> Because the Defendant was indigent, the Court appointed counsel to represent him at public expense. The public defender's pretrial and trial expense were reviewed and approved by the Court, and they have been paid by the State of Indiana. After the conviction and sentencing, Defendant Cook exercised his right to appeal. The Court approved the preparation of the record and transcript at public expense, and appointed Attorney Anthony Lawrence to prosecute an appeal at state expense. Consistent with the practice of this and all courts in Madison County for at least 30 years and in accordance with IC 33-37-2-4, the Court approved the statement submitted by the court reporter and forwarded the same to the Auditor of the State of Indiana (and the [DOC]) with an order for payment. Payment was timely made.
> Continuing with the long-standing practice, the Court reviewed the statement by Appellate Counsel Lawrence, and likewise, approved and submitted that statement to the State Auditor with an order for payment.

* * * * *

> The definitional section of Article 37 provides at Indiana Code 33-37-1-3, "[t]he costs imposed by this article are for all proceedings in the action."

* * * * *

> By enacting 33-37-2-4 the legislature recognized that the judicial costs associated with the prosecution of crimes committed by persons incarcerated in state facilities should be borne by the state and not by the local community where an offender might be housed by the arbitrary choice of the IDOC. Surely, the legislature would not have intended to provide the costs of "trial" in the narrowest of senses . . . . Likewise, the right to appeal is a constitutional extension of every felony trial that results in a conviction. To deny a defendant the resources necessary for an appeal like the costs of transcripts and appellate counsel, would be to deny the defendant his right to

4

appeal, unless of course, we conclude that the legislature made the conscious decision to shift all costs unrelated to the actual "days in trial" to the local community where the state's inmate is housed. There is no reason to conclude the legislature intended such a narrow definition. Indeed, the opposite is true: The legislature's own language found in subsection (b) demonstrate[s] by the use of the word "include" . . . that the enumerated list is not to [be] narrowly construed.

Because IC 33-37-2-4 obligates the state to pay "all costs of trial" in this and similar cases, because IC 33-37-1-3 indicates that the costs imposed are for "all proceedings in the action," and because the position argued by intervenors leads to an unreasonable result the legislature cannot be presumed to have intended, the intervenors['] Motion to Correct Error is DENIED.

Appellant's App. p. 29-31.[1]

The State now appeals the trial court's order that the State Auditor pay appellate counsel $5232.35 for attorney fees and expenses. Cook does not participate. Madison County, Indiana, appears as amicus curiae.

**Discussion and Decision**

The State contends that the trial court erred by directing the State Auditor to pay Cook's appellate attorney fees and expenses out of the DOC's budget. The State does not dispute that Cook, who committed murder while an inmate at Pendleton Correctional Facility, is entitled to appellate representation at public expense. Rather, the State contends that Madison County, where the prison is located, should bear these expenses. Amicus

---

[1] Appellate counsel later submitted a petition for final payment of attorney fees and reimbursement of expenses totaling $12,014.79. Appellant's App. p. 33 ("That undersigned counsel hereby submits to the Court a complete billing statement to date for his representation of the Defendant, Jeffrey Cook, in his direct appeal."). The trial court ordered the Madison County Auditor—not the State Auditor—to pay Cook's appellate counsel $12,014.79 "as a reasonable payment of attorney fees and expenses." *Id.* at 38. The order further provided that if appellate counsel received reimbursement from the State, "he shall reimburse the Auditor of Madison County forthwith." *Id.* The State is not a party to this order.

5

Madison County responds that the State should bear these expenses, as it has done for nearly thirty years.

The Indiana Department of Correction operates numerous correctional facilities throughout the state. Amicus Br. p. 4; *see also* Indiana Department of Correction, *Adult Facilities*, http://www.in.gov/idoc/2332.htm (last visited Mar. 31, 2014) & *Youth Facilities*, http://www.in.gov/idoc/2331.htm (last visited Mar. 31, 2014). Three of these facilities are located in Madison County; Pendleton Correctional Facility, where Cook was an inmate when these crimes were committed, is a Maximum Security Facility. For each county in which a DOC institution houses at least 100 but less than 1500 adult offenders, the State will pay for the salary of one deputy prosecuting attorney. Ind. Code § 33-39-6-2(c). And for each county in which at least one DOC institution houses at least 1500 offenders, the State will pay for the salaries of two deputy prosecuting attorneys. I.C. § 33-39-6-2(b). The purpose of this statute is evident; crime occurs inside prison walls. These deputy prosecutors exist because of the crimes committed by the inmates in the state correctional facilities that otherwise would not have occurred in that county. According to Amicus Madison County, the State pays for two deputy prosecutors in Madison County. Amicus Br. p. 4.

In order to determine whether the State or the county in which a state correctional facility is located should bear the costs of an inmate's appeal,[2] we examine Section 33-37-2-4, which provides in full:

---

[2] The State concedes that it is responsible for the costs of an inmate's jury or bench trial, including, for example, pretrial depositions, investigators, and mental-health professionals. *See* Appellant's Br. p. 8; Appellant's Reply Br. p. 3.

(a) The state shall pay all costs of trial in a prosecution for an offense committed:
      (1) by an inmate of a state correctional facility; and
      (2) in the county in which the correctional facility is located.
(b) The costs of trial to be paid under this section *include*:
      (1) court fees; and
      (2) expenses incurred by the county sheriff in returning the defendant to the jurisdiction of the court and keeping the defendant in custody until trial.

(Emphasis added). Section 33-37-2-4 has been in effect since at least 1987 under former Indiana Code sections 33-18-2-3 and 33-19-2-4. *See* P.L. 192-1986, Sec. 1 (eff. July 1, 1987) & P.L. 305-1987, Sec. 1. In 2004, Title 33 was recodified, and Section 33-19-2-4 was moved to its current location at Section 33-27-2-4. *See* P.L. 98-2004, Sec. 164. Similar to Section 33-39-6-2, which provides that the State pays the salaries of a certain number of deputy prosecutors in counties with state correctional facilities, Section 33-37-2-4 recognizes the financial burden placed on counties containing state correctional facilities because of the crime that occurs inside prison walls and shifts that burden to the State.

The crux of the State's argument on appeal is that because Section 33-37-2-4 provides that the State shall pay the "costs of trial"—but not the "costs of appeal"—the State is not responsible for paying appellate attorney fees and expenses. We do not find the statute so limiting.

When courts set out to construe a statute, the goal is to determine and give effect to the intent of the legislature. *Cooper Indus., LLC v. City of S. Bend*, 899 N.E.2d 1274, 1283 (Ind. 2009). The first place courts look for evidence is the language of the statute itself, and courts strive to give the words their plain and ordinary meaning. *Id.* We examine the

7

statute as a whole and try to avoid excessive reliance on a strict literal meaning or the selective reading of individual words. *Id.* We presume the legislature intended the language used in the statute to be applied logically, consistent with the statute's underlying policy and goals, and not in a manner that would bring about an unjust or absurd result. *Id.*

First, we observe that Section 33-37-2-4 does not define the word "trial." Second, when Section 33-37-2-4 lists the "costs of trial" to be paid under this section, it uses the word "include." The two "costs of trial" listed are (1) court fees and (2) expenses incurred by the county sheriff in transporting the defendant. A general principle of statutory construction is that the term "include" signals that the list that follows is meant to be illustrative rather than exhaustive. *Samantar v. Yousuf*, 560 U.S. 305, 316 (2010); *see also Med. & Prof'l Collection Servs., Inc. v. Bush*, 734 N.E.2d 626, 629 n.4 (Ind. Ct. App. 2000) ("We note that 'includes,' rather than being a limiting term, implies a non-exhaustive list . . . ."); *Hann v. Hann*, 655 N.E.2d 566, 573 (Ind. Ct. App. 1995) (Chezem, J., dissenting) ("Where the term 'including' is used in a statute, it implies that the list or items enumerated are non-exclusive and are merely examples."), *trans. denied*; *Wilson v. Stanton*, 424 N.E.2d 1042, 1046 (Ind. Ct. App. 1981) (holding that the term "includes" means that the list that follows is "not exclusive"). Accordingly, the two "costs of trial" listed are illustrative and non-exclusive.

Moreover, Indiana Code chapter 33-37-1 contains definitions that apply to Article 37. Particularly, Indiana Code section 33-37-1-3 provides:

> (a) The costs imposed by this article [Article 37] are for *all proceedings in the action.*
> (b) The costs imposed by this article [Article 37] include fees.

8

(Emphasis added). Section 33-37-2-4, which imposes "costs of trial" on the State, is contained in Article 37. "Proceeding" is defined as "the process of appearing before a court of law so a decision can be made about an argument or claim; a legal action." Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/ proceeding (last visited Mar. 31, 2014). "Proceeding" is also defined as "A legal action or process; any act done by authority of a court of law; a step taken by either party in a legal case." OED Online, http://goo.gl/GP4K3d (last visited Mar. 31, 2014); *see also* Black's Law Dictionary 1241 (8th ed. 2004) (noting that "proceeding" may include "the taking of the appeal or writ of error"). Accordingly, we find that the phrase "all proceedings in the action" encompasses not only trial proceedings but appellate proceedings as well. Pursuant to Section 33-37-2-4, the State must pay for appellate attorney fees and expenses.

This result recognizes the financial burden placed on counties containing state correctional facilities. To ease that burden, the legislature made the State responsible for costs when inmates commit crimes in the correctional facilities. The State pays for at least one deputy prosecuting attorney to prosecute the case against the inmate. And if the case is appealed, the State is represented on appeal by the Attorney General of Indiana. In addition, the State pays for the inmate to be represented at trial by a public defender as well as the expenses associated with the trial. Not requiring the State to pay for the inmate's appellate attorney fees and expenses—when it pays for the expenses at the trial-court level—would be inconsistent with the statute's underlying policy and goals and would bring about an unjust result. This is because the counties have no control if an offender is placed in a facility in its county. Indiana Code section 11-10-1-3(a) provides that after an

offender has been evaluated post-sentencing, the DOC shall determine the appropriate degree of security for the offender: minimum, medium, or maximum. Then, the DOC "shall assign [the offender] to a facility or program." Ind. Code § 11-10-1-3(b). In making the assignment, the DOC shall consider, among other things, the results of the evaluation, the offender's security classification, the offender's need for special therapy or programs, the likelihood of the offender's reintegration into the community in which the facility or program is located, the desirability of keeping the offender in a facility or program near the area where he resided before commitment, the desires of the offender, the current population levels of the facilities or programs considered appropriate for the offender, and the length of the offender's sentence. *Id.* Because the DOC assigns the offenders, placing the financial burden on the counties to pay for the costs of offenses committed by inmates in the state correctional facilities would be unjust.

Instead, it appears that the State's real concern is that it has no mechanism to "set a cap on rates or fees charged. It can conceivably only challenge the rates as unreasonable after they are charged." Appellant's Br. p. 9 n.3 ("The DOC had already been ordered to pay $23,488.29 for trial attorney fees and costs. Appellate counsel ultimately sought reimbursement in the amount of $12,014.79 for a one-issue appeal involving a jury instruction, bringing the total to over $35,000." (citations omitted)). However, the trial court can determine if the attorney fees and expenses are reasonable. Just like in this case, where Cook's public defender and appellate counsel submitted detailed billing statements to the trial court, the State can dispute counsel's requested attorney fees and expenses as unreasonable before the trial court orders the State to pay those fees. Also, the State could

hire a public defender—at a salary, thus capping the expenses—to defend the inmates at trial and to file their appeals.

Because Section 33-37-2-4 requires the State to pay appellate attorney fees and expenses when an inmate commits a crime in a state correctional facility, we affirm the trial court's order that the State pay Cook's appellate counsel $5232.35 in attorney fees and expenses.

Affirmed.

RILEY, J., and MAY, J., concur.